# UNITED STATES DISTRICT COURT
## District of Maine

| | |
|---|---|
| DANIELLE KITCHIN and DANA B. KITCHIN, Co-Personal Representatives and heirs of the ESTATE OF DANA A. KITCHIN,<br>　　　　　Plaintiffs<br><br>v.<br><br>RANDALL LIBERTY, KEN MASON, KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, KENNEBEC COUNTY CORRECTIONS DIVISION, KENNEBEC COUNTY CORRECTIONAL FACILITY, KENNEBEC COUNTY COMMISSIONERS, PATSY G. CROCKETT, NANCY G. RINES, GEORGE M. JABAR, II, and CORRECTIONAL HEALTH PARTNERS, LLC,<br>　　　　　Defendants | Docket No. 1:18-cv-00356-JDL |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RANDALL LIBERTY, KEN MASON, KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, KENNEBEC COUNTY CORRECTIONS DIVISION, KENNEBEC COUNTY CORRECTIONAL FACILITY, KENNEBEC COUNTY COMMISSIONERS, PATSY G. CROCKETT, NANCY G. RINES AND GEORGE M. JABAR, II TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME Defendants Randall Liberty, Ken Mason, Kennebec County, Kennebec County Sheriff's Office, Kennebec County Corrections Division, Kennebec County Correctional Facility, Kennebec County Commissioners, Patsy G. Crockett, Nancy G. Rines, and George M. Jabar, II, by and through counsel, and hereby respond to Plaintiffs' First Amended Complaint as follows:

## AFFIRMATIVE DEFENSES

A. Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief may be granted.

B. These Defendants, in their individual capacities, are entitled to qualified immunity on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

C. Defendants, in their official capacities, are immune from any claims brought under the Maine Tort Claims Act.

D. Defendants, in their individual capacities, are entitled to immunity from any claims brought under the Maine Tort Claims Act pursuant to the provisions of 14 M.R.S. § 8111.

E. Any damages sustained by Plaintiffs were caused by the acts and/or omissions of an individual and/or entity other than these Defendants.

F. Plaintiffs' damages, if any, were directly and proximately caused by a legally sufficient superseding/intervening cause.

G. Plaintiffs have failed to mitigate their damages as required by law.

H. Plaintiffs' First Amended Complaint is barred because Dana A. Kitchin was negligent in an amount equal to or greater than any negligence of these Defendants, and Plaintiffs' damages must be reduced by an amount commensurate with Dana A. Kitchin's own negligence.

I. Plaintiffs' First Amended Complaint is barred for failure to comply with conditions precedent to the maintenance of this lawsuit, including, without limitation, the notice requirements of 14 M.R.S. § 8107.

J. The Kennebec County Sheriff's Office, Kennebec County Corrections Division, and Kennebec County Correctional Facility are not entities that can be sued.

# ANSWER

## I. Introduction and Overview

1-9.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

## II. Jurisdiction and Venue

10.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint do not require a response.   To the extent a response is required, these Defendants agree that this Court has jurisdiction over these claims.

11.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint do not require a response.   To the extent a response is required, these Defendants agree that this Court has supplemental jurisdiction over these claims.

12.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint do not require a response.   To the extent a response is required, these Defendants agree that this Court has jurisdiction over these claims.

13.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint do not require a response.   To the extent a response is required, these Defendants agree that venue is proper in the United States District Court for the District of Maine.

## III. Parties

14-16.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

17-18.   These Defendants admit the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

19.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

20.   These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

21-22.   The allegations contained in these paragraphs of Plaintiffs' First Amended Complaint do not require a response.   To the extent a response is required, these Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations and therefore deny same.

23.   These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

24.   These Defendants deny the first sentence of this paragraph, and admit the remaining allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

25.   These Defendants admit sentences 1 and 3 of this paragraph, but deny sentence 2 of this paragraph.

26.   These Defendants admit sentences 1, 2 and 4 of this paragraph, but deny sentence 3 of this paragraph of Plaintiffs' First Amended Complaint.

27.   These Defendants admit sentences 1 and 3 of this paragraph, but deny sentence 2 of this paragraph of Plaintiffs' First Amended Complaint.

28. These Defendants admit sentences 1, 2, 4 and 5 of this paragraph. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

29. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

30. These Defendants admit the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

31. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

32-33. These Defendants admit the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

34-42. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

### IV.  Statement of Facts

43-44. These Defendants admit the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

45-46. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended

Complaint and therefore deny same.

47-48. These Defendants admit the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

49. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

50. These Defendants admit the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

51-54. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

55. These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

56-67. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

68-72. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

73. These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

74-75.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

76.   These Defendants admit the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

77.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

78-80.   These Defendants admit the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

81-84.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

85.   These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

86.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

87-93.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

## V. Causes of Action

### First Claim for Relief:   42 U.S.C. Section 1983
### Violation of the 8th and/or 14th Amendments - Failure to Provide Medical Care
### (Against All Defendants)

94. These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

95. The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

96. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

97. The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, these Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

98. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

99-111. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

Second Claim for Relief:   42 U.S.C. Section 1983
Violation of the 14th Amendment - Failure to Adequately Staff and Supervise
(Against Liberty, Mason, County, KCSO, KCSD, KCCF, Commissioners and Does)

112. These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

113. The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

114-115. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

116-119. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

Third Claim for Relief:   42 U.S.C. Section 1983
Violation of the 14th Amendment - Failure to Adequately Train
(Against Liberty, Mason, County, KCSO, KCSD, KCCF, Commissioners, Mix and Does)

120. These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

121. The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

122-123. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

124-128.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

<u>Fourth Claim for Relief:   42 U.S.C. Section 1983 - Policy Denying Appropriate Medical Care
(Against All Defendants)</u>

129.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

130.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

131-132.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

133-138.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

<u>Fifth Claim for Relief:   Negligent Supervision, Retention and Training
(CHP and Mix)</u>

139.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

140-142.   These allegations do not pertain to these Defendants.  To the extent these Defendants are required to respond to any of the allegations contained in these paragraphs of

Plaintiffs' First Amended Complaint, these Defendants deny all such allegations.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

### Sixth Claim for Relief:   Intentional Infliction of Emotional Distress
### (Against All Defendants)

143.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

144-147.  These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

### Seventh Claim for Relief:   Survivor Claims (18-A M.R.S.A. § 3-817)
### (Against All Defendants)

148.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

149-150.  These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

### Eighth Claim for Relief:   Respondeat Superior Liability
### (Against CHP and Mix)

151.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

152-153.   These allegations do not pertain to these Defendants.  To the extent these Defendants are required to respond to any of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint, these Defendants deny all such allegations.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

Ninth Claim for Relief:   Substantive Due Process
(Against All Defendants)

154.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

155-157.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

Tenth Claim for Relief:   Violation of American With Disabilities Act
(Against All Defendants)

158.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

159.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

160.   The allegations contained in this paragraph of Plaintiffs' First Amended Complaint state a legal conclusion to which no response is required.

161-164.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

### Eleventh Claim for Relief:   Supervisory Liability for Violation of ADA
### (Against All Defendants)

165.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

166-167.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint and therefore deny same.

168. These Defendants deny the allegations contained in this paragraph of Plaintiffs' First Amended Complaint.

169.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint and therefore deny same.

170-173. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

### Twelfth Claim for Relief:   Punitive Damages
### (Against All Defendants)

174.   These Defendants repeat and reassert their responses to each of the above paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

175-178. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' First Amended Complaint.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiffs on this count of Plaintiffs' First Amended Complaint, plus cost, interest, and attorneys fees.

Dated: October 19, 2018  /s/   Peter T. Marchesi
Peter T. Marchesi, Esq.

 /s/   Cassandra S. Shaffer
Cassandra S. Shaffer, Esq.

Wheeler & Arey, P.A.
Attorneys for Kennebec County Defendants
27 Temple Street
Waterville, ME   04901

# UNITED STATES DISTRICT COURT
### District of Maine

| | |
|---|---|
| DANIELLE KITCHIN and DANA B. KITCHIN, Co-Personal Representatives and heirs of the ESTATE OF DANA A. KITCHIN,<br>　　　　　Plaintiffs<br><br>v.<br><br>RANDALL LIBERTY, KEN MASON, KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, KENNEBEC COUNTY CORRECTIONS DIVISION, KENNEBEC COUNTY CORRECTIONAL FACILITY, KENNEBEC COUNTY COMMISSIONERS, PATSY G. CROCKETT, NANCY G. RINES, GEORGE M. JABAR, II, and CORRECTIONAL HEALTH PARTNERS, LLC,<br>　　　　　Defendants | Docket No. 1:18-cv-00356-JDL |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, hereby certify that:

- Answer and Affirmative Defenses of Kennebec County Defendants to Plaintiffs' First Amended Complaint

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

  Timothy Zerillo, Esq.    *tim@zerillolaw.com*
  John M. Burke, Esq.     *jburke@caseiroburke.com*

Dated: October 19, 2018      /s/  Peter T. Marchesi
                Peter T. Marchesi, Esq.
                Wheeler & Arey, P.A.
                Attorneys for Defendants
                27 Temple Street
                Waterville, ME   04901